## Thomas Porter *v.* Mary Ann Cummins.

**Adverse Possession—Sufficient Deed—Contract.**

A deed from a vendor, who had held land in controversy through undisturbed adverse claim for a period of forty years, is held to be a sufficient compliance with a contract to give "a good and sufficient deed."

APPEAL FROM KENTON CIRCUIT COURT.

October 3, 1868.

Opinion of the Court by Judge Hardin:

As we construe the agreement between the appellant and the appellee dated the 3d day of June, 1857, the undertaking to pay the last payment of $1,000 of this purchase money was upon the condition that the appellee Mary Ann Cummins, then Mary Ann Cox, should convey the title by a good and sufficient deed with her own warranty of the title, and the principal question presented for our decision is whether the deed tendered by her after the death of her husband was sufficient to vest the title in the appellant in compliance with her contract. We are of the opinion that it was.

It does not distinctly appear how the land was originally ac-

quired by the appellee's grand-father, Richard Dictim, from Flournoy, but as it fully appears that for near forty years the land had been held and claimed under the title of Dictim and adversely to all other claims, we think the title should have been regarded as sufficient, and especially so as a conveyance was adjudged from the heirs of Flournoy by proper proceeding against them. It seems to us also that as the appellant or his vendees had the use of the land there was no error in adjudging the payment of interest on the $1,000 from the 3rd day of June, 1861. Nor was there any error, in our opinion, to the appellant's prejudice in the equitable adjustment made by the court, as to the payment of costs.

Wherefore, the judgment is affirmed.

*Carlisle, for appellant.*

*O'Hara, for appellee.*